1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

8

9

10

11

12

PHILLIP COULTER, et al.,

                       Plaintiff(s),

     v.

MONA VAN KRIEKAN, et al.,

                   Defendant(s).

Case No. 2:19-CV-1619 JCM (EJY)

ORDER

13

14

15

16

      Presently before the court is pro se plaintiffs Phillip Coulter and Shari Williams's (collectively "plaintiffs") motion to dismiss their own complaint.  (ECF No. 25).  Defendants Mona Van Krieken, Mike and Mo's Transport, Inc and Admiral Merchants Motor Freight, Inc., (collectively "defendants") filed a response (ECF No. 26), to which plaintiffs did not reply.

17

18

      Also before the court is plaintiffs' second motion to dismiss their own complaint.  (ECF No. 31).  Defendants filed a response (ECF No. 33), to which plaintiffs did not reply.

19

20

21

22

23

24

25

26

      "[T]he standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion."  *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998).  Thus, the court is generally lenient when a pro se plaintiff is involved.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)).  On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants."  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

27

      Fed. R. Civ. P. 41(a) provides as follows:

28

          (1) By the Plaintiff.

**James C. Mahan**
**U.S. District Judge**

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

As defendants note, the time to file a notice of voluntary dismissal under Rule 41(a)(1) has passed because defendants have answered the complaint.  (ECF Nos. 26; 33).  Defendants contend that plaintiffs provide no authority to support a dismissal without prejudice.  *Id.* However, the court construes plaintiffs' request as one for a dismissal without prejudice by court order under Rule 41(a)(2).  Plaintiffs represent that they wish to dismiss this action because they do not have an attorney, despite attending "more than 20 consultations."  (ECF No. 25).

Dismissing this action because plaintiffs do not want to proceed pro se is certainly not an adjudication on the merits.  As a result, the court will grant plaintiffs' motion to dismiss (ECF No. 25) and dismisses plaintiff's claims without prejudice.  The court denies plaintiffs' second motion to dismiss (ECF No. 31) as moot.  The court notes that, having dismissed the third-party action by stipulation (ECF Nos. 30; 32), that no claims remain pending in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to dismiss (ECF No. 25) be, and the same hereby is, GRANTED.

James C. Mahan
U.S. District Judge

- 2 -

1    IT IS FURTHER ORDERED that plaintiffs' second motion to dismiss (ECF No. 31) be,

2  and the same hereby is, DENIED as moot.

3    IT IS FURTHER ORDERED that plaintiffs' complaint be, and the same hereby is,

4  DISMISSED without prejudice.

5    The clerk is instructed to enter judgment and close the case accordingly.

6    DATED May 22, 2020.

7  _____

8  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28